NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50003 |
| Plaintiff-Appellee, | D.C. No. 8:21-cr-00025-DOC-1 |
| v. | |
| ANTHONY DANTAE HOLMES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM,** District Judge.

Anthony Holmes conditionally pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition, reserving the right to appeal from the district court's denial of his motion to suppress the firearm and ammunition. He contends that the arresting officers lacked reasonable suspicion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

stop him. As the parties are familiar with the facts, we do not recount them here.

Reviewing de novo, *United States v. Williams*, 846 F.3d 303, 306 (9th Cir. 2016),

we affirm.

Reasonable suspicion "is not a particularly high threshold to reach," *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc), and "is formed by specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that" (1) a "particular person" (2) "is engaged in criminal activity." *United States v. Job*, 871 F.3d 852, 861 (9th Cir. 2017) (cleaned up). Reasonable suspicion must be evaluated based on "the totality of the circumstances—the whole picture." *Navarette v. California*, 572 U.S. 393, 397 (2014) (citation omitted).

1. The officers had a reasonable suspicion to stop Holmes and the other occupants of the vehicle. The 911 caller's report matched the color, type, and location of Holmes' vehicle at the time the officers initiated the stop. Holmes himself closely matched the caller's physical description of the suspects, and the detaining officer noticed "a flurry of activity" as he approached the vehicle, leading him to suspect that the occupants may have been "attempting to hide something, discarding evidence, or preparing for an armed attack."

There were some differences between the caller's report and the officers' observations on the scene, but the discrepancies do not undermine reasonable

suspicion under the totality of the circumstances. Given the stressful, fast-paced, nighttime confrontation the caller experienced, it is reasonable that he would not have perceived or relayed every detail that the officers later encountered. And we have held that reasonable suspicion existed despite some outright inconsistencies between witnesses' reports and officers' observations. *See, e.g.*, *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1317-20 (9th Cir. 1995) (finding reasonable suspicion where officers detained the occupants of a four-door sedan even though witnesses reported that the suspects drove off in a two-door sedan with a different license plate number and even though the occupants of the car did not squarely match physical descriptions); *United States v. Vandergroen*, 964 F.3d 876, 878 & n.3, 882 (9th Cir. 2020) (finding reasonable suspicion even though witnesses described the suspect as Latino, which the appellant was not).

2. The officers had an objective basis to suspect Holmes of criminal activity. They concluded that the confrontation described by the 911 caller was likely a "gang hit up," which often features "a show of force, including displaying or hinting at firearms concealed in the waistband . . . ." This suspicion was not a mere "inchoate and unparticularized suspicion or hunch of criminal activity," *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (cleaned up), but rather a reasonable suspicion based on the caller's descriptions of the suspects' conduct and the officers' training and experience. In *Vandergroen*, we held that concealed carry of

3

a firearm is presumptively illegal in California and that reasonable suspicion of concealed carry justifies immediate detention of a suspect.  964 F.3d at 881-82 (citing Cal. Penal Code § 25400).[1]  Therefore, the stop was justified.

The officers' statements at the scene speculating whether a crime had yet occurred are immaterial to our objective determination of whether the officers had reasonable suspicion based on the facts known to them at the time of the stop.  *See Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that the reasonableness of traffic stops does not depend on "the actual motivations of the individual officers involved").

**AFFIRMED.**

---

[1] Holmes asserts that the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), rendered California's gun-licensing system unconstitutional and firearm carry presumptively lawful.  But even if that were true, *Bruen* was decided after Holmes' arrest in 2021, and a future change in law generally does not retroactively invalidate reasonable suspicion.  *See Michigan v. DeFillippo*, 443 U.S. 31, 37, 40 (1979) (holding that probable cause existed for an arrest even though the ordinance at issue was later found unconstitutional).